Case 1:24-cv-00046-JPJ-PMS   Document 34   Filed 03/27/25   Page 1 of 8
Pageid#: 262

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

March 27, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **A.S.,** | ) |
|     Plaintiff, | ) Case No. 1:24cv00046 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: Pamela Meade Sargent |
|     Defendant. | ) United States Magistrate Judge |
| | ) |

This matter is before the court on Plaintiff's Motion For Leave To Proceed Under Pseudonym And Incorporated Memorandum Of Points And Authorities, filed November 8, 2024. (Docket Item No. 10) ("Motion"). On February 10, 2025, after the defendant had been served, the court ordered it to submit a response to the Motion. (Docket Item No. 27.) The defendant responded, indicating that it did not oppose plaintiff's Motion. (Docket Item No. 30.)

## I. Background

A.S. is a 30-year-old man who previously was incarcerated at United States Penitentiary Lee, ("USP Lee"). (Docket Item No. 1, ("Complaint"), at 3.) A.S. alleges that individuals employed by the defendant's Federal Bureau of Prisons, ("BOP"), sexually assaulted and battered him and denied him medical care. (Complaint at 12-34.) A.S. sues under the Federal Tort Claims Act. (Complaint at 26-34.) A.S. alleges that he was informed of an impending move to USP Lee in September 2023. (Complaint at 12.) Due to fears about potential mistreatment at USP Lee, A.S. claims to have attempted suicide twice while in a transfer facility. (Complaint at 12.) A.S. was then transferred to USP Lee on September 20, 2023. (Complaint at 13.) A.S. alleges that within one day of his arrival to USP Lee, the

1

facility staff began to taunt and antagonize him. (Complaint at 14-16.) On October 9, 2023, A.S. claims that he was transferred to a segregated housing unit, where staff at USP Lee began to assault him for approximately 24 hours. (Complaint at 16-17, 19-24.) During this time, A.S. alleges that correctional officers slammed his face against the wall, kicked his head, face, genital area, back, arms and legs and called him sexually explicit names and racial slurs. (Complaint at 16-17.) A.S. claims that a correctional officer squeezed and twisted his penis and testicles, causing his penis to bleed, before kicking him in the genitals. (Complaint at 19-20.) A.S. claims that several officers sexually assaulted him by penetrating his anus with a mop handle, causing bleeding and trauma. (Complaint at 20-21.) A.S. claims that, after this sexual assault, he was physically assaulted during restraint checks by USP Lee staff at approximately two-hour intervals, where he was punched and kicked repeatedly. (Complaint at 21-23.) A.S. claims that he was not seen or treated by medical personnel for the injuries that he sustained during the assault until November 24, 2023, and that he ultimately was transferred from USP Lee on November 27, 2023. (Complaint at 24-25.) A.S. asserts that the sexual and physical abuse that he alleges in his Complaint also is detailed in his medical records. (Motion at 3.) A.S. also asserts that his history of suicide attempts are detailed in his medical records. (Motion at 3.) A.S. argues that he should be allowed to proceed under pseudonym because his "substantial interest in maintaining the privacy of his highly sensitive and confidential medical information, including physical abuse and mental illnesses" outweighs the public's interest in knowing his identity, and the defendant has no countervailing interest in revealing plaintiff's identity. (Motion at 3.) As stated above, the defendant does not oppose the Motion. (Docket Item No. 30 at 1.)

## II. Standard of Review

Generally, a complaint must name all parties to the suit. *See* FED. R. CIV. P. 10(a). The naming requirement demonstrates the presumption of judicial openness and its prioritization in American law. *See Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806-07 (E.D. Va. 2012). However, this principle "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In the Fourth Circuit, there is no affirmative requirement that a plaintiff ask for leave before filing a complaint under pseudonym. *See B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (declining to adopt *Nat'l Commodity & Barter Ass'n v. Gibbs*, 866 F.2d 1240, 1245 (10th Cir. 1989)). Instead, when a party seeks to litigate under a pseudonym, the court must "ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). While the defendant does not oppose plaintiff's Motion, there, nonetheless, remains a "judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James*, 6 F.3d at 238.

The Fourth Circuit has adopted a nonexhaustive five-factor test that considers whether (1) the request for pseudonymity is merely to "avoid … annoyance and criticism" or "is to preserve privacy in a matter of sensitive and highly personal nature;" (2) identification poses "a risk of retaliatory physical or mental harm to the requesting party" or "innocent non-parties;" (3) the age of the party seeking to use a pseudonym; (4) whether the action is against a governmental or private party; and (5) the "risk of unfairness to the opposing party" from permitting anonymity. *James*, 6 F.3d at 238; *see Pub. Citizen*, 749 F.3d at 273-74 (applying five-factor test); *Doe v. Sidar*, 93 F.4th 241, 247-48 (4th Cir. 2024) (applying these "five nonexhaustive

3

factors" and reversing district court's grant of motion to remove pseudonym (citation omitted)); *see also Sidar*, 93 F.4th at 250 (Wilkinson, J., concurring) (agreeing with the court's decision "eschew[ing] a categorical approach to case-sensitive questions which cannot be answered categorically"). I will analyze each of these factors in turn.

### III. Analysis

The first *James* factor directs the court to consider the pseudonymous party's need to preserve privacy. *See* 6 F.3d at 238. A.S. argues that his use of a pseudonym in this case "will protect his legitimate interests in the privacy of his sexual victimization, medical conditions, and medical history without significantly impacting the openness of the proceedings." (Motion at 4.) Particularly relevant here, A.S. alleges multiple instances of sexual assault at USP Lee by staff members. (Complaint at 19-21.) "It is well established in the Fourth Circuit that cases arising from allegations of sexual assault necessarily concern information of a highly sensitive and personal nature for all parties involved in the alleged assault." *Roe v. Tucker,* 2025 WL 41932 at *4 (E.D. Va. Jan. 7, 2025); s*ee also Doe v. Doe*, 85 F.4th 206, 211-12 (4th Cir. 2023). The Fourth Circuit has noted that the far more restrictive "practice of closing courtrooms to members of the public while a victim of sex crimes testifies .… has not been uncommon." *Sidar,* 93 F.4th at 248 (quoting *Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000)). While A.S. has not sued his alleged assailants individually, "[i]t is the sensitivity of the nature of the *allegations* that matters when considering anonymity, not the legal vehicle for recovery." *Doe v. Darden Rest., Inc.*, 736 F. Supp. 3d 297, 301 (D. Md. 2024) (emphasis in original). This factor, therefore, supports granting A.S's Motion and allowing him to proceed in this case through pseudonym.

4

The second factor outlined by the Fourth Circuit in *James* requires the court to consider "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties." 6 F.3d at 238. Regarding this factor, A.S. alleges that his "public participation in this case may result in retaliation from BOP correctional and medical staff through physical harm, further denials of care, or otherwise unsafe conditions." (Motion at 6.) While A.S. has been transferred from USP Lee to another BOP facility, he alleges that, in his experience, "information travels between BOP facilities through staff members relatively quickly and easily." (Motion at 6.) Lastly, A.S. states that the mental-health related symptoms detailed in his Complaint could put him at risk of stigmatization and physical violence if his name is publicly available while he remains incarcerated. (Motion at 6.) Courts evaluating this factor place particular importance on the retaliatory nature of any threatened harm. *See, e.g., Nelson v. Green*, No. 3:06cv70, 2007 WL 984127, at *2 (W.D. Va. Mar. 28, 2007) (finding this factor did not favor anonymity where identification of plaintiff "could conceivably pose a risk of future mental harm, [but] that harm would not be 'retaliatory' in nature."); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D. D.C. 2005) ("None of the evidence demonstrates that Doe plaintiffs are likely to face physical retaliation as a result of filing this lawsuit; therefore, they cannot proceed under pseudonyms."); *Yacovelli v. Moeser*, No. 1:02cv596, 2004 WL 1144183, at *7 (M.D. N.C. May 20, 2004) ("[E]mbarrassment and harassment are generally insufficient to demonstrate retaliatory harm.") While the allegations that A.S. details in his complaint are severe, he does not allege that he was ever threatened with retaliatory actions if he were to file a lawsuit. Additionally, despite the defendant's knowledge of his identity, A.S. has not alleged that he has faced threats in retaliation after filing his lawsuit. A.S.'s allegations of potential public retaliation due to the details contained in the lawsuit do not rise to the level of specificity required by the

5

court to provide relief under this factor. Therefore, I find that this factor weighs against granting the Motion.

The third *James* factor concerns the ages of the persons whose privacy interests are sought to be protected. *See* 6 F.3d at 238. Plaintiff is not a minor and does not possess the "special vulnerability" of a child-plaintiff. *Doe v. Stegall*, 653 F.2d 180, 186 (4th Cir. 1981). Therefore, this factor weighs decidedly against anonymity.

The fourth *James* factor asks "whether the action is against a governmental or private party." 6 F.3d at 238. Regarding the fourth factor, A.S. argues that "Courts have largely concluded that a defendant's status as a governmental party weighs in favor of pseudonymity." (Motion at 7.) As A.S. notes, this court has held that "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (alteration in original) (quoting *Yacovelli,* 2004 WL 1144183, at *8). This view is generally, but not exclusively, supported in the Fourth Circuit and this district. *Compare Doe v. Settle*, 24 F.4th 932, 939 n.5 (4th Cir. 2022) ("a litigant's identity may not be as important in purely legal or facial challenges…."), *and Doe v. Mast*, 745 F. Supp. 3d 399, 412 (W.D. Va. 2024) ("To be sure, when a litigant only sues a governmental party, courts have generally been more likely to allow a plaintiff leave to proceed under a pseudonym."), and *Doe v. Va. Polytechnic Inst. & State Univ.*, 2020 WL 1287960, at *5 (W.D. VA. Mar. 18, 2020) (finding that the fourth *James* factor weighed against granting anonymity when plaintiff's allegations were against "individual defendants in both their official and individual capacities" and "must be read as also challenging the specific actions" of the defendants), *and Doe v. Kuhn*, 2023 WL 4687209, at *3 (W.D. Va. July 21, 2023) (finding that the fourth factor weighed against plaintiff's request to proceed under pseudonym when

6

"the action is against an individual in his capacity as a state actor, not against a faceless government agency."), *with Pub. Citizen*, 749 F.3d at 274 ("[T]he public interest in the underlying litigation is especially compelling given that Company Doe sued a federal agency."), *and Va. State Conf. NAACP v. Cnty. Sch. Board of Shenandoah Cnty.*, 2025 WL 270050, at *3 (W.D. Va. Jan. 22, 2025) ("The fourth *James* factor is neutral as the fact that the defendant here is a governmental entity makes this case an object of potential public interest but also eliminates fairness concerns"), *and Doe v. Pittsylvania County, Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) ("The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity."). In this action, plaintiff sues only the United States of America, alleging that individuals employed by the BOP sexually assaulted and battered plaintiff and denied him medical care. (Complaint at 12-34.) In accordance with the majority of precedent on this issue, I find that this factor weighs in favor of allowing A.S. to proceed in this action under pseudonym.

The fifth *James* factor concerns "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. In this case, the defendant already is aware of plaintiff's identity, and more critically, has filed a response indicating that it does not oppose plaintiff's Motion. Therefore, I find that this factor weighs in favor of granting plaintiff's request.

Lastly, the court notes that "the right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Pub. Citizen*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). Therefore, "the public's interest in open proceedings must inform a district court's pseudonymity calculus." *Pub. Citizen*, 749 F.3d at 274. If A.S. were to proceed in this case pseudonymously, the public retains its access to the docket and can read the pleadings, opinions and orders

and attend hearings. I find that A.S.'s allegations of sexual assault and trauma implicate "privacy or confidentiality concerns of the highest order" that justify the unusual dispensation of permitting him to proceed in this case using a pseudonym. *Sidar*, 93 F.4th at 248. Further, I note that the defendant's lack of opposition to the relief that plaintiff requests supports granting plaintiff's Motion.

### IV.    Conclusion

For the foregoing reasons, I find that the factors set forth in *James,* 6 F.3d at 238, support A.S.'s Motion to proceed under pseudonym and are not outweighed by the public's countervailing interest in knowing his identity, as articulated in *Pub. Citizen*, 749 F.3d at 274. Therefore, A.S.'s Motion is **GRANTED**.

An appropriate order will be entered.

**ENTERED**:    March 27, 2025.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE